

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 15, 1959

Mr George P. Killam, Jr.
County-Attorney
Scurry County
Snyder, Texas

Opinion No. WW 547

Re: Whether or not, under
Article 802e, V.P.C., minors
can be incarcerated pending
trial upon failure of the
minor to make bond.

Dear Mr. Killam:

You have asked this office to determine whether or not a minor charged under Article 802e, Vernon's Penal Code, may be incarcerated pending trial upon the failure of the minor to make bond.

Article 802e of Vernon's Penal Code of Texas provides in part as follows:

> "Any male minor who has passed his 14th birthday but has not reached his 17th birthday, and any female minor who has passed her 14th birthday but has not reached her 18th birthday, and who drives or operates an automobile or any other motor vehicle on any public road or highway in this state or upon any street or alley within the limits of any city, town or village, or upon any beach as defined in Chapter 430, Acts of the 51st Legislature, 1949, while under the influence of intoxicating liquor, or who drives or operates an automobile or any other motor vehicle in such way as to violate any traffic law of this state, shall be guilty of a misdemeanor and shall be punished by a fine of not more than One Hundred Dollars ($100.00) . . ."

> "Section 2. No such minor, after conviction or plea of guilty and imposition of fine, shall be committed to any jail in default of payment of the fine imposed, but the court imposing such fine shall have power to suspend and take possession of such minor's driving license and retain the same until such fine has been paid."

> "Section 4. The offenses created under this Act shall be under the jurisdiction of the courts regularly empowered to try misdemeanors carrying the penalty herein affixed, and shall not be under the jurisdiction

of the Juvenile Courts; but nothing contained in this Act shall be construed to otherwise repeal or affect the statutes regulating the powers and duties of Juvenile Courts. The provisions of this Act shall be cumulative of all other laws on this subject."

The question you presented concerns the incarceration of a minor pending trial. The civil statute authority governing juveniles is found in Vernon's Civil Statutes of Texas, Article 2338-1. Article 2338-1 is a comprehensive statute which substitutes juvenile courts for criminal courts to deal with any child of a designated age who violates any law or ordinance or is otherwise within the provisions of the statute. However, it is pertinent to observe at this point that Article 802e, V.P.C., creates an entirely new offense. Prior to its passage, male juveniles under seventeen years of age and female juveniles under eighteen years of age were not subject to punishment for crimes but were subject only to the provisions of Article 2338-1, V.C.S., which established juvenile courts and provides the procedure for trials for juvenile delinquents. Section 12 of that statute specifically provides that:

"If during the pendency of a criminal charge or indictment against any person in any other court than a Juvenile Court, it shall be ascertained that said person is a female over the age of ten (10) years and under the age of eighteen (18) years, or is a male person over the age of ten (10) years and under the age of seventeen (17) years at the time of the trial for the alleged offense, it shall be the duty of such court to transfer such case immediately together with all papers, documents and testimony connected therewith to the Juvenile Court of said county."

The offenses created by Article 802e, Vernon's Penal Code, are a departure from the general policy for handling juvenile offenders and constitute exceptions to the foregoing language, and as to the offenses thus created, Article 2338-1, Vernon's Civil Statutes, will not apply.

It is to be noted that Section 4 of Article 802e of Vernon's Penal Code, supra, clearly provides that statutes dealing with proceedings involving unlawful conduct of minors shall not be repealed or affected. Nothing in Article 802e, Vernon's Penal Code, would prevent civil proceedings for correction of a minor in the juvenile court   The Act is merely "cumulative" of, or in addition to, other statutes dealing with the conduct of minors contrary to the penal statutes, authorizing an

additional procedure in the nature of a criminal action against such minor.

Therefore, it is the opinion of this office that since Article 802e, Vernon's Penal Code, creates an entirely new offense and further provides that the juvenile court shall not have jurisdiction over the minor, then such minor who fails to make bond pending trial will be treated as adults and may be confined in jail.

SUMMARY

Juveniles being charged under
Article 802e, Vernon's Penal Code, are
subject to the same laws on bonds as
adults and may be incarcerated upon
failure to make bond.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Linward Shivers
Linward Shivers
Assistant

LS:aw

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

Marietta McGregor Payne
Henry G. Braswell
Jack Goodman
Byron Fullerton
L. P. Lollar

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    W. V. Geppert